IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-122-TAV-HBG |
| | ) | |
| DONNIE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on May 30, 2017, for a motion hearing on Defendant Smith's pro se letter [Doc. 22] requesting the substitution of counsel. The Defendant's letter was docketed as a motion on May 8, 2017, and referred [Doc. 24 to the undersigned on May 18, 2017. See 28 U.S.C. § 636(b). Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Donnie M. Young represented the Defendant, who was also present.

The Court appointed [Doc. 7] Attorney Young to represent the Defendant on November 8, 2016. On January 17, the Defendant entered a change of plea before Chief District Judge Varlan and is presently scheduled for a sentencing hearing on July 19, 2017. The Defendant now asks that the Court appoint new counsel for him, contending that Mr. Young is not acting in his best interest. At the motion hearing, AUSA Norris opposed the request for substitution of counsel, characterizing it as a means of delaying the sentencing hearing. The Court conducted a sealed, *ex parte* hearing with the Defendant and Mr. Young to learn the nature and extent of any problems with the attorney-client relationship.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in

order to warrant substitution." *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). In response to a request for the substitution of appointed counsel, the Court must inquire into the complaints of the defendant and counsel and must take into consideration (1) the timeliness of the request, (2) whether the conflict in the attorney-client relationship is so extensive that it results in the complete absence of communication, which in turn can prevent an adequate defense, and (3) whether these first two factors outweigh "'the public's interest in the prompt and efficient administration of justice.'" *United States v. Sullivan*, 431 F.3d 976, 980 (6th Cir. 2005) (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

In the present case, the Court has considered the *Sullivan* factors, as well as the comments of the Defendant and counsel in the sealed hearing. The Court finds that good cause does not exist to substitute counsel. The Defendant's concerns appear to arise from issues that were not within counsel's control. The undersigned finds that the Defendant needs time to review his revised Presentence Report with counsel in person, to confer about the options available to him, and to prepare for his sentencing hearing. The Court has requested that the Marshals retain the Defendant in custody locally to facilitate the communication between the Defendant and counsel. The Court admonished the Defendant to continue to cooperate with counsel going forward. The Defendant's pro se motion for the substitution of counsel [**Doc. 22**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton

H. Bruce Guyton
United States Magistrate